# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| FEDERATED MUTUAL INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 4:14-CV-265 CAS |
| SHERNAMAN ENTERPRISES, INC., et al., ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Shernaman Enterprises, Inc. ("Shernaman") and Daniel T. McCullen's (collectively "defendants") Motion to Dismiss or Stay Proceedings. Plaintiff Federated Mutual Insurance Company ("Federated") opposes the motion and it is fully briefed. For the following reasons, the defendants' motion will be granted to the extent that the Court in the exercise of its discretion will abstain from and stay this case.

**I.  Background**

This is a declaratory judgment action.  Plaintiff Federated's complaint alleges that it issued a Commercial Package Policy and a Commercial Umbrella Liability Policy (collectively the "Federated Policies") to Shernaman for the period March 1, 2006 to March 1, 2007.  The case arises out of a lawsuit filed by defendant McCullen on September 22, 2011 in the Circuit Court of St. Louis County, Missouri, captioned <u>Daniel T. McCullen v. Shernaman Enterprises, Inc., d/b/a Pro Cycle and American Honda Motor Co., Inc.</u> ("the Underlying Suit").  The instant action was filed on February 14, 2014.  The complaint seeks declarations that Federated has no obligation under either the Commercial Package Policy or the Commercial Umbrella Liability Policy to defend

Shernaman in connection with the Underlying Suit, or to indemnify Shernaman in connection with any settlement or judgment in the Underlying Suit.

The Petition in the Underlying Suit alleged that McCullen sustained injuries as a result of the improper design and manufacture of a 2003 Honda motorcycle he purchased from Shernaman. The Petition alleged strict liability and negligence claims against American Honda Motor Co. ("Honda") and a negligence claim against Shernaman. Shernaman's registered agent was served with the Petition and Summons in the Underlying Suit on October 21, 2011. On November 13, 2013, Honda was dismissed from the Underlying Suit without prejudice and, on December 4, 2013, McCullen filed a motion for default against Shernaman based on its failure to timely answer. Federated alleges it first received notice of the Underlying Suit from Shernaman on January 6, 2014, and retained defense counsel to represent Shernaman and oppose the motion for default. On January 24, 2014, the state court denied Shernaman's motion for additional time to plead in response to the Petition.

Federated informed Shernaman it would defend the Underlying Suit subject to a reservation of the right to deny coverage on the grounds that Shernaman breached its obligations under the Federated Policies to provide timely notice of the Underlying Suit. Shernaman refused to accept Federated's defense under a reservation of rights and on February 1, 2014 entered into a settlement agreement (the "Settlement Agreement") with McCullen pursuant to § 537.065, Missouri Revised Statutes (2000). The Settlement Agreement includes a covenant by McCullen to limit his judgment execution rights to the coverage available under the Federated policies. The Settlement Agreement also provided that the Underlying Suit would proceed to a bench trial on all issues of liability and damages. Federated filed a motion to intervene in the Underlying Suit on February 3, 2014, and

2

filed the instant declaratory judgment action on February 14, 2014. Federated's motion to intervene in the Underlying Suit was denied on February 19, 2014.[1]

Judgment was entered against Shernaman in the Underlying Suit on April 24, 2014. McCullen as judgment creditor filed an equitable garnishment action against Federated on May 28, 2014 in the Circuit Court for the City of St. Louis, State of Missouri, seeking coverage and the right to recover and collect on the Federated policies. In accordance with Missouri law, McCullen's equitable garnishment action was filed after the expiration of thirty days from the date of the judgment, and also named the insured, Shernaman, as a defendant. See § 379.200, Mo. Rev. Stat. (2000).

A Case Management Order was issued in this case on May 8, 2014. Discovery has taken place both in this case and the equitable garnishment action. The defendants filed the instant Motion to Dismiss or Stay Proceedings on October 3, 2014. Subsequently, on October 24, 2014 Federated filed a motion for summary judgment on the issue of late notice. According to information supplied by the parties and Missouri Case.net,[2] on November 19, 2014, the state court heard argument on McCullen's motion to compel discovery from Federated in the equitable garnishment action, and agreed to conduct an *in camera* review of sixty documents that Federated asserted were protected from discovery as work product, attorney-client privileged, or confidential/proprietary business information. The state court also agreed to review Federated's privilege log that listed documents

---

[1]See docket sheet in McCullen v. Shernaman Enterprises, et al., No. 11SL-CC03810 (21st Jud. Cir.), available at https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited Dec. 1, 2014).

[2]See docket sheet in McCullen v. Federated Mutual Insurance Company, et al., No. 1422-CC01219 (22nd Jud. Cir.), available at https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited Dec. 1, 2014).

Bates-labeled 1 through 876. On November 25, 2014, the parties came before this Court for a hearing on two motions to compel filed by Shernaman and McCullen. At the hearing, the parties informed the Court that the information sought by the motions to compel was also the subject of McCullen's motion to compel under submission before the state court judge.

## II. The Wilton/Brillhart Standard

The Declaratory Judgment Act confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). The statute provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration," id. (quoting 28 U.S.C. § 2201(a)). The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Id. at 287 (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).

In Wilton, the Supreme Court reaffirmed the application of Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942), to a declaratory judgment action:

> Over 50 years ago, in Brillhart . . . , this Court addressed circumstances virtually identical to those present in the case before us today. An insurer, anticipating a coercive suit, sought a declaration in federal court of nonliability on an insurance policy. The District Court dismissed the action in favor of a pending state garnishment proceedings, to which the insurer had been added as a defendant . . . [T]his Court held that, "although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction." The Court explained that "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." The question for a district court presented with a suit under the Declaratory Judgment Act, the Court found, is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."

Wilton, 515 U.S. at 282 (quoting Brillhart) (internal citations and brackets omitted).

4

The Declaratory Judgment Act gives district courts discretion to determine whether to exercise jurisdiction in a declaratory judgment action or to abstain in favor of a parallel state court proceeding. See Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 874 (8th Cir. 2000) (citing Wilton, 515 U.S. at 289-90). The Eighth Circuit has instructed that a district court's "key consideration . . . is 'to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding.'" Evanston Ins. Co. v. Johns, 530 F.3d 710, 713 (8th Cir. 2008) (quoting Capitol Indemnity, 218 F.3d at 874) (citing Brillhart, 316 U.S. at 495). If the issues would be better settled in the pending state court proceeding, "the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" Capitol Indemnity, 218 F.3d at 874-75 (quoting Brillhart, 316 U.S. at 495).

**III. Discussion**

Defendants Shernaman and McCullen assert that this action and the Underlying Suit are parallel because the parties and claims are the same, the claims are premised on the same issues, and there are no issues of federal law. Defendants argue the Court should exercise its discretion under the Wilton abstention doctrine to dismiss this action in favor of the Underlying Suit.

Federated responds that Wilton abstention is inapplicable because this action and the Underlying Suit are not parallel, as the state court equitable garnishment action was not on file at the time Federated filed this declaratory judgment action in federal court. Federated asserts that as a result, the Court in resolving the motion to dismiss or stay must instead apply the six-factor test set forth in Scottsdale Insurance Co. v. Detco Industries, Inc., 426 F.3d 994 (8th Cir. 2005).

5

Federated also argues that even if the Wilton standard were applicable, abstention is inappropriate under the specific facts of this case for several reasons: the federal suit was filed first; there is no risk of inconsistent rulings because the applicable state law is well settled; the summary judgment motion it filed in this case "will be decided shortly and will resolve all issues in both this case and in the state court proceeding," Pl.'s Mem. Opp. at 11; the federal suit is more comprehensive because the state court's jurisdiction in the garnishment action is limited to Federated's policy limits of $5.5 million, whereas Federated seeks a declaration in the federal suit that it has no obligation to pay any of the $11 million judgment from the Underlying Suit;[3] and defendants' decision to seek dismissal of this action is a procedural maneuver to obtain what they perceive to be an advantage of proceeding in state court, because they filed the motion to dismiss "just days after their motion to change judges in the state court proceeding was granted," after "aggressive[ly] participati[ng]" in this case for months. Id.

Defendants reply that Federated misstates the issues and holdings of the Eighth Circuit's Scottsdale decision. Defendants state that Scottsdale addressed the extent of a federal court's discretion to abstain from jurisdiction over a declaratory judgment action in the *absence* of parallel state proceedings, and did not hold that suits are not parallel if the federal court action is filed prior to the state proceeding. Defendants assert that this action and the state equitable garnishment action are parallel and are in an equivalent posture, as no depositions have been taken in either case and similar discovery has been undertaken. Defendants dispute Federated's assertion that the state court's jurisdiction is limited to the policy limits, citing the Missouri Supreme Court's statement, "The insurer that wrongly refuses to defend is liable for the underlying judgment as damages

---

[3]Federated does not cite any case law in support of its assertion that the state court's jurisdiction is limited in the manner it argues.

6

flowing from its breach of its duty to defend." Columbia Cas. Co. v. HIAR Holding, L.L.C., 411 S.W.3d 258, 265 (Mo. 2013) (en banc). Finally, defendants reply that the Court should disregard Federated's argument concerning the pendency of its summary judgment motion, because the motion is premature and was filed as a matter of "procedural fencing" as no depositions have been taken and initial written discovery is incomplete.

The Eighth Circuit has explained that "[s]uits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" Scottsdale, 426 F.3d at 997 (quoting New Beckley Mining Corp. v. International Union, United Mine Workers of America, 946 F.2d 1072, 1073 (4th Cir. 1991)). As stated above, Federated contends that under Scottsdale, the Wilton abstention doctrine does not apply where there is no parallel state proceeding pending as of the date the federal declaratory judgment action is filed. This contention is without merit. Scottsdale addressed the extent of a federal court's discretion to abstain from jurisdiction over a declaratory judgment action *in the absence of parallel state proceedings*, but it did not hold that suits are not parallel if the federal court action is filed prior to the state proceeding. 426 F.3d 997-98. The timing of the suits was not at issue in Scottsdale.

Federated's argument is also undercut by the Supreme Court's decision in Wilton itself, and by other Eighth Circuit precedent. In Wilton, the petitioner filed a federal declaratory judgment action in February 1993, and the respondent filed a state court action a month later in March 1993. 515 U.S. at 280. The Supreme Court held that the discretionary standard it articulated in Brillhart, 316 U.S. 491, should be applied by district courts in determining whether to entertain an action under the Declaratory Judgment Act, and that the district court did not abuse its discretion in staying the action for declaratory relief where "parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court." 515 U.S. at 290. This was so even

7

though the state court action was not pending when the federal declaratory judgment action was filed.

Similarly, in Capitol Indemnity, 218 F.3d 872, the Eighth Circuit held that the district court abused its discretion in denying a motion to dismiss or stay a federal declaratory judgment action in favor of a parallel state court proceeding, even though the declaratory judgment action was filed several months prior to the state suit. Id. at 873-74; 876. See also Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 792 (8th Cir. 2008) (affirming district court's decision to apply Brillhart/Wilton abstention analysis where the parties to the state and federal actions "were the same at the time th[e] appeal was submitted"); James River Ins. Co. v. Impact Strategies, Inc., 699 F.Supp.2d 1086, 1089 (E.D. Mo. 2010) (citing Royal Indemnity, rejecting argument that "under Scottsdale, the issue whether state and federal suits are parallel is determined as of the date the federal court declaratory judgment action was filed."); United Financial Cas. Co. v. Shelton, 2013 WL 771827, at *3 (W.D. Ark. Feb. 28, 2013) (holding that under Royal Indemnity, the "Brillhart/Wilton abstention analysis is properly based on the state of proceedings as they presently exist, adopting a time-of-abstention rule.").

Having determined that the date the state court suit was filed is not determinative of the issue, the Court proceeds to an examination of the relevant Brillhart factors to determine whether it should abstain from this matter. The state court equitable garnishment action and the instant action are parallel, as both involve the same parties and include similar claims concerning the parties' rights and responsibilities under the Federated policies. Indeed, Federated does not argue that the suits are not parallel. As a result, the Court has discretion to determine whether to exercise jurisdiction over this action or to abstain in favor of the equitable garnishment action. See Capitol Indem. Corp., 218 F.3d at 874. The Court must determine whether the issues in controversy among

the parties "can be better settled by the state court" in light of the "scope and nature of the pending state court proceeding." Id.

"[T]he normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288. The principle of "wise judicial administration" weighs in favor of declining to exercise discretionary jurisdiction over this action. Because this action and the equitable garnishment action are parallel, allowing both actions to proceed runs the risk of inconsistent rulings and would be uneconomical and vexatious for the parties and a waste of judicial resources. Further, the interpretation and application of the Federated policies is purely a matter of state law and there are no federal defenses or claims. The Court rejects Federated's unsupported argument that the state court's jurisdiction is limited to the policy proceeds and finds that all of the issues pending among the parties can be satisfactorily adjudicated in the equitable garnishment action.

Federated's argument that abstention is inappropriate because this case is more procedurally advanced than the state court equitable garnishment action is unpersuasive. This case has been pending since February 2014. Under the Case Management Order (Doc. 15) issued in May 2014, the discovery completion deadline in this case remains more than six months away, dispositive motions are not due until July 1, 2015 and the trial date is October 26, 2015. Federated's motion for summary judgment, filed three weeks after defendants filed their motion to dismiss or stay this action, appears to be premature based on the similar motions to compel pending in this case and the equitable garnishment action. Further, the existence of parallel discovery disputes before this Court and the state court highlights the risk of inconsistent rulings in the two cases, and the potential waste of judicial resources.

Having considered these factors, the Court concludes that the parties' disputes can be better settled by the state court in light of the "scope and nature of the pending state court proceeding," see Capitol Indemnity, 218 F.3d at 874, and therefore abstention is warranted. The Court further concludes that this case should be stayed rather than dismissed. "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Wilton, 515 U.S. at 288 n.2.

## IV.  Conclusion

For the foregoing reasons, the Court concludes in the exercise of its discretion that the issues raised by this action would be better addressed in the equitable garnishment action pending in state court. As a result, the Court will grant defendants' motion to dismiss or stay proceedings to the extent it will stay this action in favor of the equitable garnishment action. All other pending motions will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss or to Stay Proceedings on the basis of Wilton abstention is **GRANTED** to the extent the Court will abstain from this case, and the matter is hereby **STAYED**.  [Doc. 19]

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** without prejudice.  [Docs. 22, 43, 46, 48, 54, 66]

**IT IS FURTHER ORDERED** that plaintiff's request for oral argument is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **administratively close** this case, which may be reopened on the motion of any party. Any motion to reopen shall include a

statement of all relevant proceedings that have occurred in the equitable garnishment action in the Circuit Court for the City of St. Louis, State of Missouri.

                                                    **CHARLES A. SHAW**
                                                    **UNITED STATES DISTRICT JUDGE**

Dated this   2nd   day of December, 2014.